# IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

## MIDDLE DISTRICT OF ALABAMA, SOUTHERN DIVISION

PIONEER CREDIT COMPANY OF    *
ALABAMA, INC., D/B/A 1ST SOUTH    *
EAST ACCEPTANCE CORPORATION,    *
   *
       APPELLANT,    *
   *
VS.    *       CIVIL ACTION NO.
   *        1:07cv737-MHT
FERNISA PARKER,    *
   *
       APPELLEE.    *

_____

## ON APPEAL FROM THE UNITED STATES BANKRUPTCY COURT

## MIDDLE DISTRICT, ALABAMA

## SOUTHERN DIVISION

_____

## BRIEF OF APPELLANT

_____

THADIUS W. MORGAN, JR.
Attorney for Appellant
203 South Edwards Street
Post Office Box 310396
Enterprise, Alabama  36331
(334) 347-8130

## STATEMENT REGARDING ORAL ARGUMENT

Appellant, Pioneer Credit Company of Alabama, Inc., d/b/a 1st South East Acceptance Corporation, does not request oral argument in this case.

_____
THADIUS W. MORGAN, JR. (MOR072)
Attorney for Appellant

OF COUNSEL:
Thadius W. Morgan, Jr.
203 S. Edwards Street
Post Office Box 310396
Enterprise, Alabama 36331
(334) 347-8130

# TABLE OF CONTENTS

PAGE

STATEMENT OF JURISDICTION                          ii

TABLE OF AUTHORITIES                               iii

STATEMENT OF THE CASE                              1

STATEMENT OF THE FACTS                             2

STATEMENT OF STANDARD OF REVIEW                    4

STATEMENT OF ISSUE                                 5

SUMMARY OF ARGUMENT                                6

ARGUMENT                                           7

CONCLUSION                                         10

CERTIFICATE OF SERVICE                             11

## STATEMENT OF JURISDICTION

This appeal is taken from the United States Bankruptcy Court for the Middle District of Alabama's Memorandum Opinion and Final Judgment of June 29, 2007, and the denial of Appellant's Motion to Alter, Amend or Vacate Judgment. This Court's jurisdiction and authorization to hear this appeal derives from 28 U.S.C. §158.

## TABLE OF AUTHORITIES

**Cases**                                                      **Page**


Carroll v. Wolpoff & Abramson
    53 F. 3d 626                                            4

Dillard v. City of Greensboro
    213 F.3d 1347, 1353 (11th Cir. 2000)                 7

Gray v. Florida First Financial Group, Inc.
    359 F. Supp. 2d 1316, 1318 (M.D. Fla. 2005)
                                                       7

Tillman v. Barro and Gregory J. Barro, PLC.
    Adv. Proc. No. 04-1301-DHW, United States
Bankruptcy Court for the Middle District of Alabama     8

## STATEMENT OF THE CASE

The Debtor, Fernisa Parker, on July 14, 2006 filed an adversary proceeding against the Defendant, Pioneer Credit Company of Alabama, Inc. d/b/a 1st South East Acceptance Corporation (hereinafter referred to as 1st South East), in the United States Bankruptcy Court for the Middle District of Alabama, Southern Division. (Adv. Proc. Doc Number 1).   The Debtor's Complaint alleged a violation of the bankruptcy stay.   The Defendant on August 15, 2006 filed a Motion to Dismiss, Answer and Counterclaim. (Adv. Proc. Doc Number 11).

The trial of this cause was held on May 9, 2007, following which the Court issued its Memorandum Opinion of June 28, 2007 (Adv. Proc. Doc Number 40) and its Final Judgment of said date (Adv. Proc. Doc Number 41), entered in favor of the Debtor and against the Defendant.   Said Final Judgment awarded the Debtor actual damages in the sum of $500.00 and attorneys' fees and expenses in the sum of $12,791.45.   The 1st South East on July 6, 2007 filed a Motion to Alter, Amend or Vacate Judgment or in the alternative, for a new trial. (Adv. Proc. Doc Number 44).   That Motion was denied by the Bankruptcy Court's Ex Parte Order of July 9, 2007. (Adv. Proc. Doc Number 45).   The Defendant filed Notice of Appeal on July 18, 2007, seeking relief from the award of attorney fees to the Debtor. (Adv. Proc. Doc Number 47).

1

## STATEMENT OF THE FACTS

On October 14, 2005, the Debtor filed a Chapter 13 Petition in the United States Bankruptcy Court for the Middle District of Alabama, Southern Division. (Bank. Chp. 13 Doc Number 1). The Debtor's Chapter 13 Plan provided for the surrender of a 1995 Chevrolet Impala to 1st South East to cure a secured debt. (Bank. Chp. 13 Doc Number 4),(CR 14, 15). As the Debtor failed to surrender the vehicle, 1st South East on March 23, 2006 filed a Motion For Relief From Stay to allow it to file suit in State Court against the Debtor to recover monies owed under the security agreement. (Bank. Chp. 13 Doc 21),(CR 28). On April 27, 2006, the Court entered an Order providing that the stay be terminated to permit enforcement of the lien against the property of the bankruptcy estate or of the Debtor as described in the Motion. (Bank. Chp. 13 Doc Number 22). On May 11, 2006, 1st South East filed a lawsuit against the Debtor in the District Court of Coffee County, Alabama, seeking a money judgment. (CR 28,29). 1st South East obtained a default judgment in the state court suit on June 19, 2006 and served the Defendant's employer with a Process of Garnishment. No monies were withheld by the Debtor's employer pursuant to the garnishment. (CR 31, 38). The Debtor filed her adversary proceeding on July 14, 2006, alleging willful violation of the bankruptcy stay, and

2

seeking actual and punitive damages, attorney fees and costs. (Adv. Proc. Doc Number 1). The case was tried in the United States Bankruptcy Court for the Middle District of Alabama on May 9, 2007. The Bankruptcy Court entered judgment in favor of the Debtor and against 1st South East, awarding actual damages of $500.00 plus attorney fees totaling $12,791.45. (Adv. Proc. Doc Number 40). The attorney fees awarded were the exact fees prayed for in the Debtor's Application for Compensation. (Adv. Proc. Doc Number 38).

## STATEMENT OF STANDARD OF REVIEW

The Bankruptcy's Court's award of attorneys' fees to the Debtor is due to be reversed if the award constitutes an abuse of discretion by the Court. *Carroll v. Wolpoff & Abramson,* 53 F. 3d 626.

## <u>STATEMENT OF THE ISSUE</u>

I.  Whether the Court's approval of the attorneys' fees requested by the Debtor was reversible error.

## SUMMARY OF ARGUMENT

The Court's approval and award of attorney fees to the Debtor's attorneys in the amount requested was excessive and erroneous as that award of fees conflicts with a recent decision from the same Court on calculation of attorney fees.

**ARGUMENT**

**I. Whether the Court's approval of the attorneys' fees requested by the Debtor was reversible error.**

The Court must employ a three-part test in ruling on a motion for attorney fees. First, the Court must determine whether the movant is the prevailing party. Next, the Court must calculate the lodestar, the number of reasonable billable hours multiplied by a reasonable hourly rate. Lastly, the Court must determine whether it is necessary to adjust the lodestar. *Gray v. Florida First Financial Group, Inc.,* 359 F. Supp. 2d 1316, 1318 (M.D. Fla. 2005)(citing *Dillard v. City of Greensboro,* 213 F.3d 1347, 1353 (11th Cir. 2000). 1st South East concedes that the Debtor was the prevailing party in the Adversary Proceeding, and that there is no authority which would mandate an adjustment to the lodestar herein. 1st South East would ask for relief from the Bankruptcy Court's award of attorney fees to the Debtor on the basis of the lodestar calculation being erroneous and palpably unfair to 1st South East, by the reasoning contained in a recent opinion from that same trial Court.

After the Bankruptcy Court entered its judgment in favor of the Debtor, her attorneys filed a Plaintiff's Motion For An Award Of Costs And Attorneys Fees. (See Adv. Proc. Doc number 38). That Motion requested an award of attorney fees

7

and expenses totaling $12,791.45, to include a lodestar calculation of attorney fees for both of the Debtor's attorneys. Debtor's attorney David G. Poston made a lodestar calculation as follows: (6.26 hours x $215.00/per hour) + (22.28 hours x $250.00/per hour) = $6915.90. Attorney Michael D. Brock's lodestar calculation utilized the same hourly rates, to-wit: (0.50 hours x $215.00/per hour) + (13.45 hours x $250.00/per hour) = $3470.00.

In *Dewey J. Tillman, Jr. v. Gregory J. Barro and Gregory J. Barro, PLC.,* Adv. Proc. No. 04-1301-DHW, United States Bankruptcy Court for the Middle District of Alabama, the Debtor's counsel David G. Poston (then already in partnership with his present co-counsel Michael D. Brock)sought compensation at the rate of $200.00/per hour. He was denied that level of compensation by the Bankruptcy Court, which concluded that he should not be allowed a fee in the Adversary Proceeding which exceeded the rate of $175.00/per hour charged in his general practice area, consumer bankruptcy work. The Court fixed the Poston's hourly rate at $175.00 for purposes of the lodestar calculation therein. (See Memorandum Opinion in Adv. Proc. No. 04-1301-DHW attached hereto as Exhibit "A").

The aforementioned Opinion was issued by the Bankruptcy Court on August 29, 2005, less than two years prior to the request for attorney fees and award of same in the instant

8

case. It stands to reason that the attorneys' requests for compensation at rates of $250.00 and $215.00/per hour herein should not have been granted by the Bankruptcy Court, per its own recent opinion. No adjustment to opposing counsel's fees on the magnitude of fifty percent over a two-year period can be rationalized using inflationary/economic arguments. Likewise, no fifty percent escalation in the attorneys' rates during that two-year time frame can be justified on experience/competency grounds. The Court's award of the fees as requested was simply excessive.

## CONCLUSION

For reasons argued above, the award of attorney fees to the Debtor was excessive and unreasonable and constitutes an abuse of discretion. Thus, that award of attorney fees is due to be reversed.

Respectfully submitted this 15th day of October, 2007.

_/s/Thadius W. Morgan, Jr._____
THADIUS W. MORGAN, JR. (MOR072)
Attorney for Appellant
203 South Edwards Street
Post Office Box 310396
Enterprise, Alabama 36331
(334) 347-8130

10

## CERTIFICATE OF SERVICE

I hereby certify that I have this date served a copy of the foregoing Brief of Appellant upon David G. Poston and Michael D. Brock, Post Office Drawer 311167, Enterprise, Alabama 36331, Attorneys for Appellee, and have likewise filed a copy of this Certificate with the Bankruptcy Court, by placing a copy of same in the U.S. Mail, postage prepaid and properly addressed.

This the 15th day of October, 2007.

_/s/Thadius W. Morgan, Jr._____
THADIUS W. MORGAN, JR. (MOR072)
203 South Edwards Street
P.O. Box 310396
Enterprise, AL  36331
(334) 347-8130

11

UNITED STATES BANKRUPTCY COURT `EXHIBIT "A"`
MIDDLE DISTRICT OF ALABAMA

In re                                              Case No. 04-10540-DHW
                                                   Chapter 7
DEWEY J. TILLMAN, JR.
TARA M. TILLMAN,

        Debtors.

_____

DEWEY J. TILLMAN, JR.,

        Plaintiff,

v.                                                 Adv. Proc. No. 04-1301-DHW

GREGORY J. BARRO and
GREGORY J. BARRO, PLC.,

        Defendants.


## MEMORANDUM OPINION

      Dewey J. Tillman, Jr. ("debtor") filed this adversary proceeding seeking damages for a violation of the *Fair Debt Collection Practices Act* ("FDCPA"), 15 U.S.C. § 1692 *et. seq.*  The defendants ("Barro") made an offer of judgment[1] in the amount of $1,000 maximum statutory damages "plus fees and costs to be determined by the court."[2]  The debtor accepted the offer.

      The debtor filed a motion for costs and attorney's fees totaling $6,766.48.[3]

_____

[1] *See* Fed. R. Bankr. Proc. 7068.

[2] *See* Docket #27, Ex. A.

[3] The debtor itemized the request as follows: $6,340 attorney fees, $205 paralegal fees, and $221.48 costs.

Barro objected to the motion.  The parties filed briefs and submitted the motion to the court for decision.

The debtor amended the motion to request additional fees for prosecuting and defending the motion itself.  As a result, the debtor now claims fees and costs totaling $10,461.48.[4]

## Contentions of the Parties

Barro does not concede any violation of the FDCPA.  Rather, Barro contends that no violations of the Act were committed and that the offer of judgment was made merely to avoid the costs of litigation.   In the alternative, Barro insists that the violations, if any, were technical and *de minimis* and do not warrant an attorney's fee of over ten times the statutory damages.  In short, Barro contends the requested fees are disproportionate to the damages resulting from minor violations.  Finally, Barro maintains that the $200 per hour rate sought by the debtor's attorney is unreasonable and that certain time expended by debtor's counsel was unnecessary and/or excessive.

The debtor contends that, having successfully enforced liability under the FDCPA, he is entitled to costs and a reasonable attorney's fee.  The award is mandatory and not discretionary.  Therefore, this court's role is limited solely to determining the amount of a reasonable fee.  Finally, the debtor disputes Barro's contention that the hourly rate and time spent by the attorney are excessive.

## Discussion

The FDCPA contains a fee shifting provision making the defendant liable to a successful plaintiff for the costs of the action plus a "reasonable attorney's fee as determined by the court."  15 U.S.C. § 1692k(a)(3).  The award is in addition to actual and/or statutory damages.  The statute provides:

---

[4] The debtor itemized the request as follows: $9,500 attorney fees (including a "discretionary billing deduction of $800.00"), $740 paralegal fees, and $221.48 costs.

2

(a) Except as otherwise provided by this section, any debt collector who fails to comply with any provision of this subchapter with respect to any person is liable to such person in an amount equal to the sum of—

(1) any actual damage sustained by such person as a result of such failure;

(2)(A) in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000; or

(B) . . .; and

*(3) in the case of any successful action to enforce the foregoing liability, the costs of the action, together with a reasonable attorney's fee as determined by the court.*

15 U.S.C. § 1692k(a) (emphasis added).

Therefore, the award of a reasonable fee is mandatory to a successful plaintiff. The court's role is limited to determining the amount of the fee. *Zagorski v. Midwest Billing Services*, 128 F.3d 1164 (7th Cir. 1997)(holding that award of successful plaintiff's attorney's fees is mandatory under FDCPA); *Pipiles v. Credit Bureau,* 886 F.2d 22, 28 (2d Cir. 1989); *Carroll v. Wolpoff & Abramson*, 53 F.3d 626, 628-29 (4th Cir. 1995); *Graziano v. Harrison*, 950 F.2d 107, 113-14 (3d Cir. 1991).[5]

Courts employ a three-part test in evaluating a plaintiff's motion for attorney fees:

First, the Court must determine whether Plaintiff is a prevailing party. Second, the Court must calculate the lodestar, which is the number of reasonable hours spent working on the case multiplied

---

[5] In *Johnson v. Eaton*, 80 F.3d 148, 151-52 (5th Cir. 1996) the Fifth Circuit affirmed the district court's decision not to award attorney fees to the plaintiff. However, that case is distinguishable in that the plaintiff was awarded neither actual nor statutory damages. The court held that a plaintiff who recovers no damages is not a prevailing party entitled to an award of attorney fees.

3

by a reasonable hourly rate. Third, the Court must determine whether an adjustment to the lodestar is necessary.

*Gray v. Florida First Financial Group, Inc.*, 359 F. Supp. 2d 1316, 1318 (M.D. Fla. 2005) (citing *Dillard v. City of Greensboro*, 213 F.3d 1347, 1353 (11th Cir. 2000).

## A. Prevailing Party

The threshold issue is whether the debtor is a prevailing party in this adversary proceeding. Barro claims to have made an offer of judgment based solely upon economic considerations with no admission of liability.

However true this may be, the debtor is nevertheless the prevailing party in this action. The Supreme Court has held that "settlement agreements enforced through a consent decree may serve as the basis for an award of attorney's fees." *Buckhannon Board & Care Home, Inc. v. West Virginia Dep't of HHR,* 532 U.S. 598, 604, 121 S. Ct. 1835, 149 L. Ed. 2d 855 (2001) (citing *Maher v. Gagne*, 448 U.S. 122, 100 S. Ct. 2750, 65 L. Ed. 2d 653 (1980)). To qualify as a prevailing party, "[t]he plaintiff must obtain an enforceable judgment against the defendant from whom fees are sought or comparable relief through a consent decree or settlement." *Farrar v. Hobby*, 506 U.S. 103, 111, 113 S. Ct. 566, 573, 121 L. Ed. 2d 494 (1992) (citations omitted). "Although a consent decree does not always include an admission of liability by the defendant, it nonetheless is a court-ordered 'chang[e] [in] the legal relationship between [the plaintiff] and the defendant.'" *Buckhannon*, 532 U.S. at 604 (citations omitted).

In the instant case, by making an offer of judgment, Barro consented to a judgment in the debtor's favor. The resulting judgment is a court-ordered change in the relationship of the parties. It is of no consequence that Barro denies any violation of the FDCPA. The debtor has successfully enforced liability under the Act and is entitled to an award of reasonable fees.

## B. Lodestar Calculation

The lodestar method of calculating a reasonable attorney's fee is "the number of hours reasonably expended on the litigation multiplied by a

4

reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433, 103 S. Ct. 1933, 76 L. Ed. 2d 40 (1983). "[T]he starting point in any determination for an objective estimate of the value of a lawyer's services is to multiply hours reasonably expended by a reasonable hourly rate." *Norman v. Housing Authority,* 836 F.2d 1292, 1299 (11th Cir. 1988). Barro contends not only that the time expended by debtor's counsel in this litigation was unreasonable but also that counsel's hourly rate is excessive.

### 1. Time Expended

Barro contends that some of the 31.7 hours expended by debtor's counsel in his initial request were unreasonable.[6] Barro first points to 5.5 hours spent in legal research and pleading preparation in November 2004.[7] Barro notes that debtor's counsel drafted the pleadings from an FDCPA practice treatise.[8]

Debtor's counsel readily admits using an FDCPA legal practice manual as resource material for this action. However, he contends that his initial research consuming 3.5 hours was necessary to determine whether his client had a cause of action under the FDCPA and to fulfil his obligation under Fed. R. Bankr. Proc. 9011. Further, he maintains that 2 hours expended in drafting a complaint, whether aided by legal manuals or not, is reasonable on its face.

The court recognizes that attorneys in almost every field of law utilize specialized manuals and treatises to aid their practice. The verbatim use of form pleadings and other papers does not, in and of itself, lead to the conclusion that the attorney did not consider the content and the propriety of the form for use in a particular case. Indeed, time required for initial research and pleading preparation would perhaps have been much greater had counsel not utilized these resource materials. Therefore, without more, this court cannot find that the 5.5 hours expended in initial research and pleading preparation was excessive.

[6] Debtor's counsel amended the original motion to claim an additional 19.8 hours expended in defense of his fee.

[7] These hours were expended on November 1, November 2, and November 9.

[8] The treatise allegedly used by the debtor's counsel is entitled *Fair Debt Collection* published by the National Consumer Law Center.

Next, Barro contends that .9 hour expended in reopening the debtor's underlying bankruptcy case was excessive. The debtor's counsel dealt with the matter of reopening the bankruptcy case on three separate dates: November 3, November 5, and November 8. Reopening the case necessitated the filing of a motion. The court finds that where counsel spends less that one hour in work that requires the filing of a motion and the review of a resulting order, such expenditure of time is inherently reasonable. Further, reopening the bankruptcy case was necessary to disclose the FDCPA action as estate property and to exempt the action from property of the estate.

Barro also complains that .6 hour expended to amend the bankruptcy schedules was excessive. The court is not persuaded. Failure to list the FDCPA action as an asset of the debtor's bankruptcy estate could have adversely affected the debtor's ultimate right to prosecute this cause of action. Indeed, Barro filed a motion to dismiss this adversary proceeding on that very ground. Hence, the court cannot conclude that counsel's expenditure of just over one-half hour to amend the bankruptcy schedules to disclose and exempt the FDCPA action was unreasonable.

Barro further objects to 5.1 hours spent in preparation of discovery requests as excessive. Barro's argument is that the requests for production, requests for admissions, and interrogatories were taken directly from a FDCPA forms manual. For the same reasons expressed above in response to a similar objection, the court is not convinced that the claim is unreasonable.

Barro next complains that the one-half hour spent by debtor's counsel reviewing and clarifying Barro's offer of judgment was unreasonable. The objection to this expenditure of time is a general one lacking any other specificity. Without more, the court is not convinced that a mere one-half hour spent in this manner is unreasonable.

For the same reason, the court is not persuaded by Barro's objection to .9 hour spent reviewing time records and communicating with Barro's counsel regarding attorney fees. The same is true for Barro's objection to .3 hours expended on May 10 and 2.8 hours expended on May 17 preparing a motion for allowance of the fees.

In summary, the court concludes that the time expended by the debtor's attorney was reasonable and necessary. This conclusion reaches not only the time expended prior to Barro's objection to the allowance of counsel fees but also to the time expended by debtor's counsel in defense of the motion. *Casden v. JBC Legal Group, P.C.*, 2005 WL 165383 (S.D. Fla. 2005) (holding that time spent defending the reasonableness of the amount of the fee is likewise compensable); S*mith v. Law Offices of Mitchell N. Kay*, 762 F. Supp. 82 (D.Del. 1991).

## 2. Hourly rate:

"A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Norman*, 836 F.2d at 1299. Further, the factors set forth in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974), *abrogated in part by Blanchard v. Bergeron*, 489 U.S. 87, 109 S. Ct. 939, 103 L. Ed. 2d 67 (1989) may be taken into account by the court. Among those factors are the rate normally charged by the attorney and the attorney's experience.

The debtor's counsel seeks compensation at the rate of $200 per hour. Barro objects contending that debtor's counsel charges only $175 per hour for his principal area of practice, consumer bankruptcy work. Barro argues that he should not be allowed a rate in this case which exceeds the rate charged by him in his general practice area. Further, Barro notes that debtor's counsel has limited experience in FDCPA work as this is his first case.

In support of the higher rate, the debtor offers affidavits by two Alabama attorneys who engage in FDCPA work. One lawyer has been awarded fees for FDCPA cases of between $200 per hour and $275 per hour. The second affiant's usual and customary rate for FDCPA cases is $200 per hour.[9]

The court is persuaded that due to the debtor counsel's inexperience in representing clients in FDCPA litigation coupled with his customary rate

---

[9] The affidavits of Penny D. Hays and Nicholas Wooten are attached as Exhibits A and B to the debtor's reply brief.

charged for representing other consumer clients, his hourly rate here should be fixed at $175.

## C.  Adjustments to Lodestar

Barro contends, in effect, that there should be an adjustment to the lodestar because the attorney's fees are disproportionate to the damages and because the FDCPA violations were *de minimis* or technical.

It is well settled that "the extent of a plaintiff's success is a crucial factor in determining the proper amount of an award of attorney's fees. . ." *Hensley,* 461 U.S. at 440.  From the inception of the instant action, the debtor sought only statutory damages, and he recovered a judgment for the full amount allowed under the law.  The debtor's success, a full recovery of the amount claimed, does not require a downward adjustment from lodestar.

Further, Barro's characterization of the FDCPA violations as *de minimis* and technical is not persuasive.  Barro relies upon *Pipiles v. Credit Bureau,* 886 F.2d 22 (2d Cir. 1989) for the proposition that statutory damages may be refused where the violation is technical or *de minimis.*  The court agrees that if plaintiff receives neither actual nor statutory damages for any reason (including that the violations were technical or *de minimis*), he is not entitled under the FDCPA to recover attorney fees.  However, in such circumstances the reason that fees are not recoverable is not because of the nature of the violation but rather because the plaintiff is not a prevailing party.

Neither is the court persuaded that the debtor's attorney fees should be reduced because they are disproportionate to the damages.  Here, the amount of the claimed attorney fees exceeds the damages tenfold.  Nevertheless, the debtor did not choose to create this disparity.  Barro pursued a motion to dismiss the adversary proceeding, as was its right, on judicial estoppel grounds.  The debtor was compelled to defend.  Further, the debtor made offers of settlement throughout the course of this proceeding all of which were rejected or ignored.  Hence, it does not follow that a downward adjustment to the lodestar is required merely because the fees greatly exceeds the recoverable damages.  The court finds that the attorney fees and costs are reasonably proportional.  *Armstrong v. The Rose Law Firm, P.A.*, 2002 WL 31050583 (D. Minn. 2002).

8

**Conclusion**

For these reasons, the court concludes that the debtor is entitled to recover attorney's fees for 51.5 hours at the rate of $175 per hour for a total of $9,012.50 plus costs.[10]  Pursuant to Fed. R. Bankr. Proc. 9021, a judgment consistent with this memorandum opinion will enter separately.

Done this 29th day of August, 2005.

/s/ Dwight H. Williams, Jr.
United States Bankruptcy Judge

c: David G. Poston, Attorney for Plaintiff
   W. McCollum Halcomb, Attorney for Defendant

---

[10] Costs total $961.48 are composed of $740 paralegal services and $221.48 filing fees.