IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| IN RE: ) | |
| ) | |
| FERNISA PARKER, ) | CHAPTER 13 CASE NO.: |
| ) | 05-12674 |
| DEBTOR. ) | |
| ) | |
| ———————————————— ) | |
| ) | |
| FERNISA PARKER, ) | |
| ) | |
| PLAINTIFF / APPELLEE, ) | |
| ) | |
| VS. ) | CASE NO.: 1:07-CV-737 |
| ) | |
| PIONEER CREDIT COMPANY OF ALABAMA, INC., ) | |
| D/B/A FIRST SOUTHEAST ACCEPTANCE ) | |
| CORPORATION, ) | |
| ) | |
| DEFENDANT / APPELLANT. ) | |

**ON APPEAL FROM THE UNITED STATES BANKRUPTCY COURT FOR THE
MIDDLE DISTRICT OF ALABAMA**

**BRIEF OF APPELLEE, FERNISA PARKER.**

David G. Poston, Esq.
Michael D. Brock, Esq.
BROCK & STOUT, LLC.
Post Office Drawer 311167
Enterprise, Alabama 36330
334-671-5555
334-671-2689 Facsimile

Counsel for Fernisa Parker.

## CERTIFICATE OF INTERESTED PERSONS

Counsel for Plaintiff / Appellee, Fernisa Parker, represents that the following persons and parties have an interest in the outcome of this case. This representation is made so that this Court may evaluate possible disqualification or recusal.

1.    David G. Poston, Attorney for Plaintiff / Appellee.

2.    Michael D. Brock, Attorney for Plaintiff / Appellee.

3.    Fernisa Parker, Plaintiff / Appellee.

4.    Brock & Stout, LLC., Attorneys for Plaintiff / Appellee.

5.    Pioneer Credit Company of Alabama, Inc., d/b/a First Southeast Acceptance Corporation, Defendant / Appellant.

6.    Thadius W. Morgan, Jr., Attorney for Defendant / Appellant.

7.    Thomas G. Parker, Corporate representative for Defendant / Appellant.

## CORPORATE DISCLOSURE STATEMENT

Counsel for Plaintiff / Appellee certifies that the Plaintiff / Appellee, Fernisa Parker, is an individual. Therefore, a Corporate Disclosure Statement is not applicable.

## **STATEMENT REGARDING ORAL ARGUMENT**

The issues presented in this appeal are neither novel nor complicated.  The Bankruptcy Court's decision applied well settled law to undisputed facts.  The parties' briefs on appeal set forth their respective positions.  Accordingly, Plaintiff / Appellee does not believe that oral argument is necessary.

## **TABLE OF CONTENTS**

CERTIFICATE OF INTERESTED PERSONS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . i

CORPORATE DISCLOSURE STATEMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

STATEMENT REGARDING ORAL ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iii

TABLE OF CONTENTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iv

TABLE OF CITATIONS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . v

STANDARD OF REVIEW . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

STATEMENT OF FACTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

SUMMARY OF THE ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

ARGUMENT AND ANALYSIS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

      A.    The Bankruptcy Code Mandates an Award of Attorney Fees For the Appellant's Willful Violation of the Automatic Stay . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

      B.    Based on Its Knowledge and Experience, the Bankruptcy Court Is Well Equipped to Determine the Undersigned's Reasonable Hourly Rate and a Reasonable Fee . . . 6

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

CERTIFICATE OF SERVICE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

**TABLE OF CITATIONS**

<u>CASES</u>

In re Craine, 206 B.R. 594, 597 (Bankr. M.D. Fla. 1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

In re Fernandez, 132 B.R. 775, 779 (M.D. Fla. 1991) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

In re Freigo, 149 B.R. 224, 226 (Bankr. M.D. Fla. 1992) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

Greenbriar, Ltd. v. Alabaster, 881 F.2d 1570, 1573, n. 6 (11th Cir. 1989) . . . . . . . . . . . . . . 4

Hollis v. Roberts, 984 F2d. 1159, 1160 (11th Cir. 1993) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Jove Eng'g v. IRS, 92 F.3d 1539, 1559 (11th Cir. 1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

In re Kilby, 100 B.R. 579, 580 (Bankr. M.D. Fla. 1989) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

Laube v. Allen, 2007 U.S. Dist. LEXIS 64916 (M.D. Ala. 2007) . . . . . . . . . . . . . . . . . . . . . . 8

Norman v. Housing Authority of Montgomery, 836 F.2d 1292, 1303 (11th Cir. 1988) . . . . 6, 7, 8

Roche v. Pep Boys, Inc., 2006 Bankr. LEXIS 2325, 14 (Bankr. N.D. Ga. 2006) . . . . . . . . . . . 5

Thompson v. D.A.N. Joint Venture III, L.P., 2007 U.S. Dist. LEXIS 41398 (M.D. Ala. 2007) . . . . . 9

Thompson v. D.A.N. Joint Venture III, L.P. case number 1:05-cv-938,
               docket entry number 68 (M.D. Ala. 2007) . . . . . . . . . . . . . . . . . . . . . 9

Tillman v. Barro, et al., Bankruptcy Court Adversary Proceeding number 04-01301 . . . . . . . . . . 8

United States v. Levy, 379 F.3d 1241, 1244 (11th Cir. 2004) . . . . . . . . . . . . . . . . . . . . . . . . 4

United States v. Vanorden, 414 F.3d 1321, 1323 (11th Cir. 2005) . . . . . . . . . . . . . . . . . . . 3, 4

Washington v. IRS, 172 B.R. 415, 427 (Bankr. S.D. Ga. 1994) . . . . . . . . . . . . . . . . . . . . . . . 5

In re Xavier's of Beville, 172 B.R. 667, 671 (Bankr. M.D. Fla. 1994) . . . . . . . . . . . . . . . . . . . 5

<u>STATUTES</u>

11 U.S.C. § 303(i)(1)(B) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

11 U.S.C. § 362(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

11 U.S.C. § 362(h) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 4, 5, 9

11 U.S.C. § 362(k)(1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

11 U.S.C. § 502(b)(4) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

11 U.S.C. § 503(b)(1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

11 U.S.C. § 506(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Fed. R. Bankr. Pro. 2016 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Fed. R. Bankr. Pro. 8010(a)(2) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

## STANDARD OF REVIEW

Plaintiff / Appellee, Fernisa Parker, adopts and incorporates the standard of review as stated in the Appellant Brief in that the Bankruptcy Court's award of attorney fees can be reversed for abuse of discretion. Hollis v. Roberts, 984 F2d. 1159, 1160 (11th Cir. 1993).

## STATEMENT OF FACTS

With one lone exception[1], Appellee adopts and incorporates the facts contained in the Appellant's Statement of Facts. Fed. R. Bankr. Pro. 8010(a)(2). Additionally, the Appellee asserts the following undisputed facts which are of record on the CM/ECF Docket Report in Adversary Proceeding 06-1139.

1.  On July 14, 2006, Appellee/Plaintiff filed an Application for Preliminary Injunction to prohibit Appellant/Defendant from garnishing Appellee's wages. Appellant designation item 10. Bankruptcy Court, Adversary Proceeding Docket Entry 2.

2.  On July 19, 2006, the Bankruptcy Court issued an Order Granting Preliminary Injunction effective 10:20 a.m. on that date. Appellant designation item 11. Bankruptcy Court, Adversary Proceeding Docket Entry 7.

3.  On August 15, 2006, the Appellant filed a pleading styled "Answer, Motion to Dismiss and Counterclaim." Appellant designation item 12. Bankruptcy Court, Adversary Proceeding Docket Entry 11.

---

[1] The Appellant's Brief states that the "Debtor failed to surrender the vehicle," thereby necessitating the Appellant's second Motion for Relief. This contention was disputed in the trial on the merits. The Plaintiff testified that the vehicle did not run. Therefore, she was unable to return the vehicle to the Appellant. Nonetheless, the Appellee provided directions to the vehicle. Trial Transcript at p. 18, line 25 and p. 19, lines 1-25

4.    On September 13, 2006, the Bankruptcy Court denied Appellant's Motion to
Dismiss. Appellant designation item 14. Bankruptcy Court, Adversary Proceeding
Docket Entry 14.

5.    On October 31, 2006, the Appellee / Plaintiff filed a Motion to Dismiss Appellant's
Counter claim. Appellant designation item 16. Bankruptcy Court, Adversary
Proceeding Docket Entry 21.

6.    On December 5, 2006, the Bankruptcy Court dismissed the Appellant's
Counterclaim for failure to state a claim upon which relief could be granted.
Bankruptcy Court, Adversary Proceeding Docket Entry 28.

## SUMMARY OF THE ARGUMENT

From the outset of this litigation, the Plaintiff's theory has been simple and straight forward.
That is, the Bankruptcy Code is clear that a creditor may not take certain action against a
bankruptcy debtor. Specifically, 11 U.S.C. § 362(a), the Bankruptcy Automatic Stay, provides a
list of prohibited acts. Furthermore, 11 U.S.C. § 362(h) sets forth a remedy for violations of the
automatic stay.

In the instant case, the Appellant willfully violated the automatic stay. The willfulness issue
is not on appeal before this Honorable Court. Indeed, the Appellant concedes willfulness.[2] With
willfulness no longer in dispute, the only question is whether the Bankruptcy Court is mandated to
award attorney fees for the Appellee's successful prosecution of the lawsuit. To this, there is no
doubt that the Bankruptcy Court acted clearly within its discretion in awarding attorney fees.

The Appellant also intimates that the attorney fee was unreasonable. To the contrary, the

---

[2] The Appellant frames the only issue on appeal as "Whether the Court's approval of the
attorneys' fees requested by the Debtor was reversible error." Appellant Brief, at p. 5, "Statement
of the Issue."

2

Bankruptcy Court, using its knowledge and experience, was able to discern the reasonableness of the requested attorney fees.

**ARGUMENT AND ANALYSIS**

**A.    The Bankruptcy Code Mandates an Award of Attorney Fees For the Appellant's Willful Violation of the Automatic Stay.**

In addressing the Appellant's specific issue, as stated in its brief appealing Judge William's Order finding the Appellant willfully violated the automatic stay, the Appellant opines that the Bankruptcy Court's award of attorney fees is "reversible error." Appellant Brief. There is no doubt that the award of attorney fees is not only proper but mandatory. In the findings stated from the bench, as well as its memorandum opinion, the Bankruptcy Court found that the Appellant willfully violated the automatic stay. Trial Transcript at p. 66, lines 18-19 and Memorandum Opinion at p. 5. Whether the Appellant willfully violated the automatic stay, however, is not at issue on this appeal. In the designation of issues on appeal and the issue stated in the brief on appeal, the Appellant concedes that it willfully violated the automatic stay. Appellant Amended Designation at page 3 states:

Statement of the Issues:

1.    Whether the lower court's award of $500.00 actual damages to the Plaintiff was arbitrary and thus reversible error.

2.    Whether the lower court's award of $12,791.45 as attorney fees was improper and reversible error. Id.

Because the Appellant does not address the Bankruptcy Court's finding of a willful stay violation, the only conclusion is that the Appellant concedes or abandons any such attack. Furthermore, the Appellant is foreclosed from raising the issue of willfulness in its reply. United

3

States v. Vanorden, 414 F.3d 1321, 1323 (11th Cir. 2005)(Applying the "well-established rule that issues and contentions not timely raised in the briefs are deemed abandoned."); United States v. Levy, 379 F.3d 1241, 1244 (11th Cir. 2004)("To allow a new issue to be raised in a petition for rehearing, or a supplemental brief, or a reply brief circumvents Federal Rule of Appellate Procedure 28(a)(5), which requires that an appellant's initial brief must contain "a statement of the issues presented for review."), (as well as "the rule requiring that issues be raised in opening briefs "serves valuable purposes, as do all of the procedural default rules, which is why we regularly apply them."); Greenbriar, Ltd. v. Alabaster, 881 F.2d 1570, 1573, n. 6 (11th Cir. 1989)("Although Greenbriar refers to the district court's dismissal of its amendment in its Statement of the Case in its initial brief, it elaborates no arguments on the merits as to this issue in its initial or reply brief. Accordingly, the issue is deemed waived.")

To further narrow its focus, the Appellant concedes the damage award and centers its attack exclusively on attorney fees. Specifically, the Appellant identifies only one issue. That is, the Appellant questions:

> "Whether the Court's approval of the attorneys' fees requested by the Debtor was
> reversible error?" Appellant Brief at p. 5.

In its simplest form, the Appellant argues that the Bankruptcy Court committed reversible error by awarding attorney fees. There can be no doubt that the Appellant's position is not supported by the Bankruptcy Code or the opinions interpreting the relevant code provisions. Even in abandoning its attack on the Bankruptcy Court's finding of willfulness, the Appellant continues to allege that the Appellee is not entitled to attorney fees.

11 U.S.C § 362(h) states that "[a]n individual injured by any willful violation of a stay . . . shall recover actual damages, including costs and attorneys' fees . . . ." Upon a finding of a willful

4

violation, the Bankruptcy Court was obligated to award attorney fees.  Because willfulness is

assumed, as this issue was not raised on appeal, the only apparent issue is whether attorney fees

are allowed for a willful violation of the automatic stay.  In answer to this question, court's in the

Eleventh Circuit unanimously hold that courts must award attorney fees when an entity willfully

violates the automatic stay.  Jove Eng'g v. IRS, 92 F.3d 1539, 1559 (11th Cir. 1996)("Regarding

automatic stay violations, the Bankruptcy Code provides two relevant, independent sources for

awarding attorney fees, § 105(a) (discretionary) and § 362(h) (mandatory) ...."); In re Fernandez,

132 B.R. 775, 779 (M.D. Fla. 1991)("The relief provided for under 11 U.S.C. Section 362(h) is

mandatory."); Roche v. Pep Boys, Inc., 2006 Bankr. LEXIS 2325, 14 (Bankr. N.D. Ga.

2006)("Section 362(h) provides for the award of attorneys fees in the same mandatory fashion as

it provides for the award of other types of actual damages.")("Section 362(h) provides for the

mandatory award of attorney's fees incurred as a result of a violation of the automatic stay which

injures an individual. As such, it is a 'fee-shifting statute.'") Id. at 20; In re Craine, 206 B.R. 594,

597 (Bankr. M.D. Fla. 1997)("The mandatory tone of section 362(h) . . . ."); In re Freigo, 149 B.R.

224, 226 (Bankr. M.D. Fla. 1992)("Thus, where a 'willful' violation has occurred, compensatory

damages are mandatory."); In re Xavier's of Beville, 172 B.R. 667, 671 (Bankr. M.D. Fla.

1994)(mandatory damages provided by § 362(h)); Washington v. IRS, 172 B.R. 415, 427 (Bankr.

S.D. Ga. 1994)("The mandatory tone of section 362(h) . . . ."); In re Kilby, 100 B.R. 579, 580

(Bankr. M.D. Fla. 1989) ("As the clear wording of § 362(h) indicates, once a 'willful' violation of the

automatic stay is established, compensatory damages are mandatory.")

    With willfulness not at issue and the award of attorney fees mandated, the Appellee

questions whether any further issues remain as to this appeal.  The Appellant might argue against

the reasonableness of the hourly rate or the total fee.  Such argument, however, is a far stretch

when not specifically stated in the issue on appeal. If the Appellant, for the first time adduces a general objection to the undersigned's attorney fees, the Appellant neglected to object to undersigned's request for attorney fees. The Appellant can not be heard to complain that it did not know of the pending award. Although, the undersigned submitted his request for attorney fees on June 4, 2007, 20 days lapsed before the Bankruptcy Court issued its memorandum opinion. Bankruptcy Court, Adversary Proceeding docket entry number 40 (Opinion entered on June 29, 2007.) During that time, the Appellant did not set forth one single objection. Only after the Bankruptcy Court entered its memorandum opinion did the Defendant request the Bankruptcy Court alter or amend its judgment. Even then, the Appellant made a general objection to the award as unreasonable and made a broad general objection that the rate was in excess of the rate for the most experienced bankruptcy practitioner. For its proposition, the appellant cited no cases or examples.

**B.    Based on Its Knowledge and Experience, the Bankruptcy Court Is Well Equipped to Determine the Undersigned's Reasonable Hourly Rate and a Reasonable Fee .**

Certainly, the bankruptcy court was well aware of the hourly rates it normally approves experienced bankruptcy attorneys. As the Eleventh Circuit Court of Appeals so succinctly stated, "[f]or decades the law in this circuit has been that: The court, either trial or appellate, is itself an expert on the question and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value." Norman v. Housing Authority of Montgomery, 836 F.2d 1292, 1303 (11th Cir. 1988). For the first time, the appellant raised the issue of attorney fees in its motion to alter or amend. Bankruptcy Court, Adversary Proceeding docket entry 44. Certainly, the Appellant was well aware that the undersigned was entitled to attorney fees. Indeed, the Court stated such at the trial. Trial Transcript at p. 66, lines 9-24 ("So there is a willful violation of the stay, which that entitles

recovery of compensatory damages, including attorney fees). Id. at lines 15-17. The Appellants vague objections in its Motion to Alter regarding reasonableness, excessive time, and excessive hourly rate are insufficient to allow the Bankruptcy Court to form an independent basis to excise or reduce the attorney fees.

The Bankruptcy Court stands in a unique position as it pertains to attorney fees.  In any given week, the Bankruptcy Court determines reasonable attorney fees for Chapter 11 Bankruptcy cases, attorney fees for representing the trustee, attorney fees for representing debtors in bankruptcy and ancillary matters and attorney fees for motions for relief from stay.  11 U.S.C. §§ 303(i)(1)(B); 362(k)(1); 502(b)(4); 503(b)(1); 506(b).  See generally Fed. R. Bankr. Pro. 2016. Both the undersigned and his partner, Michael D. Brock, have routinely appeared before the bankruptcy court since 1992.  See Appellee designation, attorney affidavits of Michael D. Brock and David G. Poston.  Based on 17 years of practice before the Bankruptcy Court for the Middle District of Alabama (34 years combined), the Bankruptcy Court was in a position to "consider its own knowledge and experience concerning reasonable and proper fees and . . . [to] form an independent judgment either with or without the aid of witnesses as to value" of the undersigned attorney fees.  Norman v. Housing Authority of Montgomery, 836 F.2d 1292, 1303 (11th Cir. 1988).

The Appellant was also on notice that the Bankruptcy Court intended to award attorney fees as damages.  Trial Transcript at p. 66.  Yet, after the undersigned filed his request for fees, the Appellant advanced no argument or objection until after the Bankruptcy Court rendered judgement. Even then, the Appellant made a general objection that the attorney fees were unreasonable.  The only arguable objection to the attorney fees occurred when the Appellant, in its Motion to Alter or Amend, declared that "[t]he award of $12,791.45 as attorney fees in this case was not reasonable

7

and constitutes reversible error." Appellant's Motion to Alter or Amend at p. 1-2. The Appellant

goes on to argue that "the billable hours indicated on the fee declaration submitted were outside

the realm of reason considering the nature of the proceeding and trial preparation that should have

actually been necessary for this case." Id at 2. How possibly can a trial court adequately address

such objection? Laube v. Allen, 2007 U.S. Dist. LEXIS 64916 (M.D. Ala. 2007)("Those opposing

fee applications have obligations, too. In order for [district] courts to carry out their duties in this

area, 'objections and proof from fee opponents' concerning hours that should be excluded must be

specific and 'reasonably precise.'") (quoting Norman, 836 F.2d at 1301).

Following a trial on the merits, the Bankruptcy Court made a partial finding that the

Appellant/Defendant willfully violated the automatic stay. The Bankruptcy Court also indicated its

intent to award attorney fees and instructed the undersigned to file his affidavit specifying his

attorney fees. Trial Transcript at p. 66. Certainly the issue of attorney fees did not surprise the

Appellant. Even after filing the fee application and affidavit, the Appellant was silent and raised no

objection. The Bankruptcy Court, seeing no objection, entered its Final Order awarding Appellee

damages including attorney fees. Only then did the Appellant/Defendant voice its concern over

attorney fees. Appellant Designation, item 23, Bankruptcy Court Adversary Proceeding Docket

Entry 44. In its Motion to Alter or Amend, the Appellant vaguely objected to the undersigned's

hourly rate, the paralegal time and the expenses in prosecuting the lawsuit. Even then, the

Appellant provided no specific objection other than saying the award was too much.

Although, arguably, the Appellant waived the reasonableness argument by failing to object,

its only cited authority was a two year old FDCPA opinion, Tillman v. Barro, et al., Bankruptcy Court

Adversary Proceeding number 04-01301, wherein the undersigned was awarded an hourly rate of

$175. Since that time, the undersigned has prosecuted well over 140 consumer litigation cases.

8

Appellee designation, District Court Docket Entry 8, attachments 1 & 2. Most recently, the

undersigned was awarded a reasonable hourly rate of $250 per hour in prosecuting an FDCPA

action. Thompson v. D.A.N. Joint Venture III, L.P. case number 1:05-cv-938, docket entry number

68 (M.D. Ala. 2007); see Thompson v. D.A.N. Joint Venture III, L.P., 2007 U.S. Dist. LEXIS 41398

(M.D. Ala. 2007). The Order Awarding Attorney Fees is attached hereto as Exhibit "A."

## CONCLUSION

Based on the mandatory language of 11 U.S.C. § 362(h), the Bankruptcy Court acted

within its discretion in awarding the undersigned attorney fees. With willfulness fully and finally

decided, this Honorable Court should affirm the Bankruptcy Court's order awarding damages,

including attorney fees.

Respectfully submitted,

BROCK & STOUT

David G. Poston, Esq.
Michael D. Brock, Esq.
Post Office Drawer 311167
Enterprise, Alabama 36330
334-671-5555
334-671-2689 Facsimile
Email: christal@circlecitylaw.com

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that I have this date served a copy of the foregoing upon
Thadius W. Morgan, Jr., Esq., Attorney for Defendant/Appellant, via electronic mail this **29**th day of
October, 2007.

David G. Poston, Esq.

9

**EXHIBIT "A"**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| ALBERT THOMPSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 1:05-CV-938-TFM |
| | ) | |
| D.A.N. JOINT VENTURE III, L.P. | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

This action is assigned to the undersigned magistrate judge to conduct all proceedings

and order entry of judgment by consent of all the parties (Docs. 8-9, filed January 11, 2006)

and 28 U.S.C. § 636(c). Pending before the Court is *Plaintiff's Motion for Award of Attorney*

*Fees and Costs* (Doc. 64, filed June 5, 2007), *Defendant's Objections to Plaintiff's Motion*

*for Award of Attorney Fees and Costs* (Doc. 65, filed June 11, 2007), *Plaintiff's Reply Brief*

*in Response to Defendant's Objection to Attorney Fees* (Doc. 66, filed June 15, 2007), and

*Plaintiff's Supplemental Motion Requesting Additional Attorney Fees* (Doc. 67, filed June

18, 2007).  After review of the requested fees, the objections, and reply, it is for good cause

**ORDERED** that the *Plaintiff's Motion for Award of Attorney Fees and Costs* (Doc.

64) is hereby **GRANTED**.  It is further **ORDERED** *Plaintiff's Supplemental Motion*

*Requesting Additional Attorney Fees* (Doc. 67) is **GRANTED in part** and **DENIED in part**.

In addition to damages to any successful plaintiff, the Fair Debt Collection Practices

Act ("FDCPA") authorizes the award of the costs of the action and "reasonable attorney's fee as determined by the court." 15 U.S.C. § 1692k(a)(3). Plaintiff was successful in proving Defendant violated the FDCPA, and therefore is entitled to an award of reasonable attorneys fees. "The initial estimate of a reasonable attorney's fee is properly calculated by multiplying the number of hours reasonable expended on the litigation times a reasonable hourly rate." *Hollis v. Roberts*, 984 F.2d 1159, 1161 (11th Cir. 1993) (quoting *Blum v. Stenson*, 465 U.S. 886, 888, 104 S.Ct. 1541, 1544, 79 L.Ed.2d 891 (1984)). In his original motion, Plaintiff seeks the following:[1]

(1)     Plaintiff seeks $45,800.00 for 183.20 hours of work by Attorney Gerald A. Templeton;

(2)     Plaintiff seeks $30,463.50 for 128.35 hours of work by Attorney David G. Poston;

(3)     Plaintiff seeks $337.50 for 2.70 hours of work by Mr. Poston's associate attorney;

(4)     Plaintiff seeks $3,652.50 for 48.70 hours of work by Mr. Templeton's paralegal;

(5)     Plaintiff seeks $692.00 for 9.70 hours of work by Mr. Poston's paralegal; and

---

[1]    Plaintiff uses the lodestar formula in his calculations for fees. This is the number of hours (tempered by billing judgment) spent in the legal work on the case, multiplied by a reasonable market rate in the local area. *See Dillard v. City of Greensboro*, 213 F.3d 1347, 1353 (11th Cir. 2000).

(6)    Plaintiff seeks $5,409.28 in costs.

The total amount Plaintiff seeks is $86,354.78. Attached to the Motion for Attorney's Fees

are affidavits from Gerald A. Templeton and David G. Poston and copies of their detailed

billing reports. The Motion for Attorney's Fees does not specify the type of agreement

between Plaintiffs' counsel and Plaintiff regarding the payment of fees. The Court infers

from review of the hourly time records that it was a contingency fee arrangement. The

billing reports are thorough and detailed regarding the work done by each attorney as well

as the fees incurred by each. Plaintiff also includes affidavits from attorneys Bradford Botes,

Glenn Shaull, and Nicholas Woo. The three attorneys, serving as expert witnesses by

affidavit, certify the time spent on this type of litigation and rate claimed are reasonable. *See*

Doc. 64-4.

Defendant, in its Objections, claims the amount is excessive. Defendant asserts (1)

it should not be responsible for Plaintiff using <u>two</u> experienced attorneys in this matter; (2)

there is duplication of work between the two attorneys; (3) Plaintiff's counsel expended too

many hours given the "lack of difficulty of the case"; and (4) Defendant should not have to

pay for the Motion for Attorney's Fees. *See* Doc. 65. The Court disagrees.

There is nothing unusual or unexpected about the use of two attorneys in a federal

trial. Defendant has cited no caselaw in support of its contention two attorneys is

inappropriate. As the Plaintiff noted, it may be an abuse of discretion to limit fees to only

one attorney. *See A.J. by L.B. v. Kierst*, 56 F.3d 849, 863-64 (8th Cir. 1995). While a court

may reduce attorney hours and fees for inefficiency or duplication of services when multiple

attorneys are used, this Court finds no reason to do so in this case. After conducting an

independent review of Plaintiff's submissions, the Court concludes the time and amount

billed is reasonable. While some small nitpicking may be possible, the Court is not going

to second-guess every time entry in light of the fact the overall amount requested is

reasonable. In fact, the Court expected a slightly higher number from Plaintiff's counsel.

Even after receiving the Court's determination that it violated the FDCPA, Defendant chose

to vigorously defend the case to its conclusion at trial. While it has that right, Defendant

must accept the consequences of failure.

Plaintiff also seeks additional attorneys fees based on its defense of its original *Motion*

*for Award of Attorney Fees and Costs. See* Doc. 67. Plaintiff requests $6,705.00 for 22.35

hours at $300.00 per hour. Plaintiff then agrees to deduct three (3) hours in an exercise of

billing discretion for a total of 19.35 hours. The Court also determines that while the market

rate of $300.00 was not specifically addressed by Defendant in its earlier response, there is

no reason to impose a higher fee rate when, to this point, Plaintiff's counsel rate was

$250.00. As such, the Court determines 19.35 hours multiplied by an hourly rate of $250.00

is reasonable for a total amount of $4,837.50.

For the foregoing reasons, it is **ORDERED** that

(1)     *Plaintiff's Motion for Award of Attorney Fees and Costs* (Doc. 64) is hereby

       **GRANTED** in its request for $86,354.78 in fees and costs.

(2)     *Plaintiff's Supplemental Motion Requesting Additional Attorney Fees* (Doc.67)

       is **GRANTED** in that the 19.35 hours requested is reasonable. The Motion is

**DENIED** with respect the $300.00 per hour requested. The Court imposes the rate at $250.00 which is consistent with the prior rate used by Plaintiff's counsel. The amount recovered with this rate would be $4,837.50.

(3)    Plaintiff shall recover **$91,192.28**[2] plus interest thereon at the rate of 4.98% per annum from the date of this Order.[3]

DONE this 19th day of June, 2007.

/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE

---

[2]    This amount is the original amount requested ($86,354.78) plus the additional attorneys fees determined by the court ($4,837.50).

[3]    The post-judgment interest rate is the weekly average one-year constant maturity Treasury yield for *the calendar week preceding the date of entry of the judgment*. Effective December 21, 2000, the rate of interest that may be added to a judgment, subject to the provisions of 18 U.S.C. §3612, 28 U.S.C. §1961, and 40 U.S.C. §258(e)(1), shall be equal to the weekly average 1-year constant maturity Treasury yield. The information may be found at http://www.federalreserve.gov/releases/H15/