IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, SOUTHERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| FERNISA PARKER, | ) | |
| | ) | |
| Debtor. | ) | |
| | ) | |
| FERNISA PARKER, | ) | |
| | ) | |
| Appellee, | ) | |
| | ) | CIVIL ACTION NO. |
| v. | ) | 1:07cv737-MHT |
| | ) | (WO) |
| PIONEER CREDIT COMPANY OF ALABAMA, INC., d/b/a First Southeast Acceptance Corporation, | ) | |
| | ) | |
| Appellant. | ) | |

OPINION

Appellant Pioneer Credit Company of Alabama, Inc., doing business as First Southeast Acceptance Corporation, asserts in this appeal that the bankruptcy court's award of attorneys' fees to appellee Fernisa Parker pursuant to 11 U.S.C. § 362(k)(1), Parker v. Pioneer Credit Co. Of Alabama, Inc., No. 05-12674, 2007 WL 1889958 (Bankr. M.D. Ala. June 28, 2007) (Williams, B.J.), was excessive and

unreasonable. Jurisdiction is proper under 28 U.S.C. § 158(a)(1). For the reasons that follow, the bankruptcy court's decision will be affirmed.

## I. BACKGROUND

As a result of a Chapter 13 petition Parker filed in October 2005, an automatic stay precluded creditors from commencing judicial actions and enforcing property judgments against her. Parker's Chapter 13 plan required that she surrender a 1995 Chevrolet Impala to First Southeast to cure a debt she incurred under a security agreement. Because the vehicle was inoperable, Parker was unable to drive it to the company's requested location; instead, she provided First Southeast with directions to the vehicle.

When Parker failed to delivery the car, First Southeast sought relief from the automatic stay, and the bankruptcy court terminated the stay to the extent of permitting enforcement of a lien against the car.

However, First Southeast filed a state-court lawsuit seeking a money judgment against Parker, obtained a default judgment for $ 10,084.70, and served Parker’s employer with a process of garnishment.

Parker responded with an adversary proceeding in the bankruptcy court charging First Southeast with willful violation of the stay. After a trial, the bankruptcy court held that the company had willfully violated the stay. The court awarded Parker $ 500.00 in actual damages; invalidated the state court’s $ 10,084.70 judgment; and awarded $ 12,791.45 in attorneys’ fees and expenses to Parker.

After the bankruptcy court denied First Southeast’s motion to alter, amend, or vacate and its alternative motion for a new trial, the company appealed to this court, seeking a reduction in the bankruptcy court’s award of attorneys’ fees.

## II. DISCUSSION

In 2005, the Bankruptcy Code was amended to move from 11 U.S.C. § 362(h)[1] to 11 U.S.C. § 362(k)(1)[2] the language governing the award of attorneys' fees for willful violations of bankruptcy stays. The relevant language in

---

1. Prior to the 2005 amendment, § 362(h) provided in full:

> "An individual injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages."

2. Section 362(k)(1) now provides in full:

> "(k)(1) Except as provided in paragraph (2), an individual injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages.
>
> (2) If such violation is based on an action taken by an entity in the good faith belief that subsection (h) applies to the debtor, the recovery under paragraph (1) of this subsection against such entity shall be limited to actual damages."

**both pre-amendment § 362(h) and post-amendment § 362(k)(1) is that an "individual injured by any willful violation of a stay ... shall recover actual damages, including costs and attorneys' fees ...." Because, with the move, the relevant language did not change, case law addressing pre-amendment § 362(h) is instructive in interpreting § 362(k)(1).**

**Both parties agree that under, § 362(k)(1), an award of attorneys' fees is mandatory when a party willfully violates an automatic stay. See Jove Engineering, Inc. v. I.R.S., 92 F.3d 1539, 1559 (11th Cir. 1996) (§ 362(h) attorneys' fees are mandatory if the stay violation is willful). Thus, the question here is not whether the bankruptcy court should have awarded attorneys' fees at all, but rather whether the fees awarded by the bankruptcy court were excessive and unreasonable.**

**Unlike with other attorneys' fees provisions, see, e.g., Civil Rights Attorney's Fees Awards Act of 1976, 42**

**U.S.C. § 1988,[3] Congress in crafting § 362(k)(1) did not modify the term "attorneys' fees" with the word "reasonable." The text instead leaves "unclear whether the court is required to determine reasonableness of**

---

**3. Section 1988 provides in part:**

> **"(b) Attorney's fees**
>
> **In any action or proceeding to enforce a provision of sections 1981, 1981a, 1982, 1983, 1985, and 1986 of this title, title IX of Public Law 92-318 [20 U.S.C.A. § 1681 et seq.], the Religious Freedom Restoration Act of 1993 [42 U.S.C.A. § 2000bb et seq.], the Religious Land Use and Institutionalized Persons Act of 2000 [42 U.S.C.A. § 2000cc et seq.], title VI of the Civil Rights Act of 1964 [42 U.S.C.A. § 2000d et seq.], or section 13981 of this title, the court, in its discretion, may allow the prevailing party, other than the United States, a <u>reasonable attorney's fee</u> as part of the costs, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity such officer shall not be held liable for any costs, including attorney's fees, unless such action was clearly in excess of such officer's jurisdiction."**

**(Emphasis added).**

**attorney's fees ... when the fees are awarded as compensatory sanctions for violations of the automatic stay." <u>In re Lickman</u>, 297 B.R. 162, 197 (Bankr. M.D. Fla. 2003) (Corcoran, B.J.). Courts have consistently applied a reasonableness standard to § 362(h) based on 11 U.S.C. § 330(a)(1)(A), which provides for "reasonable compensation for actual, necessary services" rendered in other bankruptcy proceedings. <u>See, e.g.</u>, <u>In re Roman</u>, 283 B.R. 1, 11 (B.A.P. 9th Cir. 2002) ("We endorse the use of the principles used in § 330 as a guide for awarding attorneys' fees under § 362(h)."); <u>Sucre v. MIC Leasing Corp.</u>, 226 B.R. 340, 351 (Bankr. S.D. N.Y. 1998) (Gonzalez, B.J.) ("In determining the reasonableness of attorneys' fees under § 362(h), the Court will utilize the 'lodestar' method ordinarily used in determining the reasonableness of fees sought pursuant to § 330 of the Bankruptcy Code."); <u>United States v. Price</u>, 176 B.R. 807, 808 (N.D. Ill. 1993) (Holderman, J.) ("To the extent that services performed are compensable under § 330,**

**attorneys' fees have been incurred by the estate and can be awarded pursuant to § 362(h)."), aff'd, 42 F.3d 1068 (7th Cir. 1994). This court therefore concludes that the § 330 reasonableness standard applies to § 362(k)(1) attorneys' fees requests.**

**Applying § 330, the Eleventh Circuit Court of Appeals has instructed that, "Attorneys fees in bankruptcy cases should be no less, and no more, than fees received for comparable non-bankruptcy work." Grant v. George Schumann Tire & Battery Co., 908 F.2d 874, 879 (11th Cir. 1990) (emphasis omitted). Thus, the court should use the lodestar approach. Id. at 878-79. The lodestar "is the number of hours (tempered by billing judgment) spent in the legal work on the case, multiplied by a reasonable market rate in the local area." Dillard v. City of Greensboro, 213 F.3d 1347, 1353 (11th Cir. 2000). In determining the allowable hours and rates that make up the lodestar, "a judge must 1) determine the nature and extent of the services rendered; 2) determine the value**

of those services; and 3) consider the factors laid out in Johnson v. Georgia Highway Express, Inc., 488 F.2d 714 (5th Cir. 1974) and explain how they affect the award."[4] Grant, 908 F.2d at 877-78 (footnotes omitted).

In this appeal, First Southeast does not challenge the number of hours that Parker's counsel expended on legal work; instead, the company challenges the rates charged by her counsel.[5]

---

4. These twelve factors are: (1) the time and labor required, (2) the novelty and difficulty of the legal questions, (3) the skill required to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee for similar work in the community, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorney, (10) the undesirability of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases. Johnson, 488 F.2d at 717-19.

5. Additionally, First Southeast does not challenge the fee award on the ground that the services and rates charged by the Parker's attorneys reflect poor billing judgment. Hensley v. Eckerhart, 461 U.S. 424, 433 (1983). That is, First Southeast does not contend that the fee applicant included in her "fee application[]

(continued...)

**Two attorneys performed work on Parker's behalf: David G. Poston and Michael D. Brock. The attorneys have provided a chronological itemization of the services they rendered, the dates the attorneys engaged in these services, the time expended on each of these activities, and their hourly rates. See Barnes, 168 F.3d at 427 ("A well-prepared fee petition ... would include a summary, grouping time entries by the nature of the activity or state of the case.") (citation omitted). Both attorneys billed $ 215.00 an hour in July 2006, and, starting in August 2006, both began charging $ 250.00 an hour.**

**To support these rates, Parker has filed affidavits signed by Poston and Brock. Poston reports that he has practiced law for roughly 16 years, focusing on bankruptcy and other forms of consumer litigation; Brock has practiced for 13 years, focusing exclusively on**

---

**5.(...continued)**
**excessive, redundant, or otherwise unnecessary [hours], which are hours that would be unreasonable to bill to a client and therefore to one's adversary irrespective of the skill, reputation, or experience of counsel." ACLU v. Barnes, 168 F.3d 423, 427 (11th Cir. 1999).**

consumer-bankruptcy cases. Both represent that, during the course of this litigation, their standard billing rates have been $ 215.00 an hour and $ 250.00 an hour.

Additionally, Parker successfully recovered fees for other services, such as work performed by a paralegal and by one of Poston's associates. The paralegal worked 3.75 hours at a rate of $ 70.00 an hour, and also worked another 15.5 hours at a rate of $ 75.00 an hour; this amounts to $ 1,425.00. The fee application requested $ 587.50 for work performed by Poston's associate; the associate worked 4.70 hours at a rate of $ 125.00. Finally, Parker recovered expenses for envelopes ($ 1.50), postage ($ 3.30), photocopying ($ 66.00), and deposition costs ($ 322.25).

Parker seeks a total fee of $ 12,791.45, which is calculated as follows:

| | | |
|---|---|---|
| Attorney Brock | 6.26 hrs. x $ 215/hr. | $ 1,345.90 |
| | 22.28 hrs. x $ 250/hr. | 5,570.00 |
| Attorney Poston | .50 hrs. x $ 215/hr. | 107.50 |
| | 13.45 hrs. x $ 250/hr. | 3,362.50 |

| | | |
|---|---|---|
| Associate | 4.70 hrs. x $ 125/hr. | 587.50 |
| Paralegal | 3.75 hrs. x $ 70/hr. | 262.50 |
| | 15.58 hrs. x $ 75/hr. | 1,162.50 |
| Expense | Envelopes | 1.50 |
| | Postage | 3.30 |
| | Photocopying | 66.00 |
| | Depositions | 322.25 |
| TOTAL | | $ 12,791.45 |

First Southeast argues that the rates charged by Poston and Brockton are excessive. The company relies primarily on Tillman v. Barro, Adv. Proc. No. 04-1301 (Bankr. M.D. Ala. Aug. 29, 2005) (Williams, B.J.), where Poston sought $ 200.00 an hour for attorneys' fees for work performed in consumer-bankruptcy litigation. The bankruptcy court determined that $ 175.00 would be a more appropriate rate because of counsel's limited experience with the specific statute governing that case, combined with the fact that $ 175.00 was what Poston generally charged clients at that time.

The Tillman case is of limited utility in deciding the current matter for three reasons. First, "a court

**should hesitate to give controlling weight to prior awards [because] prior awards are not direct evidence of market behavior; the court is not a legal souk." Hall v. Lowder Realty Co., Inc. 263 F.Supp.2d 1352, 1366 (M.D. Ala. 2003) (Thompson, J.) (quoting Dillard, 213 F.3d at 1355). Second, even though prior awards can sometimes be relevant in evaluating the market rate of an attorneys' services, id., Poston has highlighted post-Tillman cases in which he was awarded fees at a rate of $ 250.00 an hour. See, e.g., Thompson v. D.A.N. Joint Venture III, L.P., Civil Action No. 1:05cv938-TFM (M.D. Ala. June 19, 2007) (Moorer, M.J.). Indeed, Postman represents that, since the Tillman case, he has prosecuted over 140 consumer-litigation cases. Third, the uncontradicted affidavits filed in this case show that the rates sought by Parker's attorneys are the actual rates the attorneys' charged their clients. The rate an attorney "charges clients is powerful, and perhaps the best, evidence of his market rate." Dillard, 213 F.3d at 1355.**

***

**For the above reasons, this court holds that the bankruptcy court did not err in awarding attorneys' fees of $ 12,791.45. The bankruptcy court's decision should be affirmed. An appropriate judgment will be entered.**

**DONE, this the 10th day of September, 2008.**

**/s/ Myron H. Thompson**
**UNITED STATES DISTRICT JUDGE**