```
        IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

          MIDDLE DISTRICT OF ALABAMA, SOUTHERN DIVISION


IN RE:                          )
                                )
FERNISA PARKER,                 )
                                )
    Debtor.                     )
                                )
FERNISA PARKER,                 )
                                )
    Appellee,                   )
                                )     CIVIL ACTION NO.
    v.                          )      1:07cv737-MHT
                                )           (WO)
PIONEER CREDIT COMPANY OF       )
ALABAMA, INC., d/b/a First      )
Southeast Acceptance            )
Corporation,                    )
                                )
    Appellant.                  )
```

## OPINION AND ORDER

Appellee Fernisa Parker seeks an award of additional attorneys' fees and costs associated with defending, on appeal, a bankruptcy-court judgment for damages arising out of the willful violation of an automatic stay by appellant Pioneer Credit Company of Alabama, Inc., doing business as First Southeast Acceptance Corporation. Parker also seeks an award of the costs and attorneys'

fees associated with protecting her interest in the judgment during the pendency of the appeal. First Southeast denies that Parker is entitled to such fees and further asserts that the fees she seeks are not reasonable.

## I. Background

This court laid out the factual and procedural history of this case in its prior opinion upholding the bankruptcy's judgment: <u>In re Parker</u>, 2008 WL 4183436, *1 (M.D. Ala. 2008) (Thompson, J.).

In short, as a result of a Chapter 13 petition, an automatic stay precluded creditors from commencing judicial actions and enforcing property judgments against Parker. Parker contended that First Southeast willfully violated the stay. After a trial, the bankruptcy court held that First Southeast had willfully violated the stay, and awarded Parker $ 500 in actual damages and $ 12,791.45 in attorneys'' fees and expenses pursuant to

11 U.S.C. § 362(k)(1). First Southeast appealed to this court, seeking a reduction in the award of attorneys' fees and contending only that the rate Parker's counsel sought was excessive. This court affirmed the judgment of the bankruptcy court.

Parker then filed the petition that is now before the court, seeking a supplemental award of $ 11,227.50 in attorneys' fees for the appeal and for protecting her interest in the judgment during the pendency of the appeal. Parker contends that, because First Southeast did not post a bond or offer to satisfy the judgment while the appeal was pending, she was forced to execute on First Southeast's property in order to protect her interest by requesting condemnation of garnished funds. First Southeast counters that Parker is not entitled to attorneys' fees associated with the cost of defending the prior award of fees included in the judgment and that her fee request is excessive.

## II.  Discussion

### A.  Whether the law entitles Parker to the attorneys' fees she seeks

11 U.S.C. § 362 provides that "an individual injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorneys' fees." 11 U.S.C. § 362(k)(1).[1] Under 362(k)(1), an award of attorneys' fees is mandatory when a party willfully violates an automatic stay. Jove Engineering, Inc. v. I.R.S., 92 F.3d 1539, 1559 (11th Cir. 1996).

Parker argues that this language, which plainly covers attorneys' fees when a debtor suffers injury due to willful violation of a stay, also extends to appellate

---

1. In 2005, the Bankruptcy Code was amended to move from 11 U.S.C. § 362(h) to 11 U.S.C. § 362(k)(1) the language governing the award of attorneys' fees for willful violations of bankruptcy stays. The relevant language in both pre-amendment § 362(h) and post-amendment § 362(k)(1) is that an "individual injured by any willful violation of a stay … shall recover actual damages, including costs and attorneys' fees …." Because, with the move, the relevant language did not change, case law addressing pre-amendment § 362(h) is instructive in interpreting § 362(k)(1).

attorneys' fees incurred in defending such an award. First Southeast responds that Parker's claim for appellate fees must fail because no statute or rule expressly provides for the award of such in this situation.

First Southeast's argument is without merit. It is well-established that "appellate attorney's fees and costs flow from the creditor's violation of the automatic stay." <u>In Re Shade</u>, 261 B.R. 213, 217 (C.D. Illinois 2001) (Lessen, J.) (<u>citing</u> <u>In re Florio</u>, 229 B.R. 606 (S.D.N.Y. 1999)). As with attorneys' fees for prosecuting the willful violation of a stay, attorneys' fees incurred resisting a non-frivolous appeal are 'actual damages' incurred by the debtor. <u>Eskanos & Adler, P.C. v. Roman (In re Roman)</u>, 283 B.R. 1, 10 (B.A.P. 9th Cir. 2002) ("Section 362(h) ... allows attorneys' fees to be 'actual damages,' rather than a separate litigation expense."). Thus, as part of her entitlement to damages flowing from the violation of a

stay, a debtor is entitled to collect attorneys' fees incurred in resisting a non-frivolous appeal. Id. at 15; see also In re Walsh, 219 B.R. 873, 878 (B.A.P. 9th Cir. Cal. 1998). Indeed, such damages are mandatory. Roman, 283 B.R. at 15.

This conclusion is consistent with caselaw concerning other, parallel federal fee-shifting statutes in the civil-rights context. For example, an entitlement to attorneys' fees under 42 U.S.C. § 1988 includes an entitlement to fees on fees. Jackson v. State Bd. of Pardons & Paroles, 331 F.3d 790, 798-99 (11th Cir. 2003); accord Volk v. Gonzalez, 262 F.3d 528, 536 (5th Cir. 2001); Hernandez v. Kalinowski, 146 F.3d 196, 200-01 (3d Cir. 1998).[2] Courts considering analogous fee requests

---

2. The fee-shifting language is quite similar between the two statutes, compare 42 U.S.C. § 1988 ("In any action or proceeding to enforce a provision of [enumerated] sections … the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs") with 11 U.S.C. § 362(k)(1) ("[A]n individual injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorneys' fees."), and is therefore generally governed

under § 1988 have reasoned that "[t]he effect of completely denying compensation to [an attorney] for the time she spent on the fee issue is to diminish the proper net award of attorney's fees for the successful civil rights claim: an outcome that frustrates the intent of Congress." Thompson v. Pharm. Corp. of Am., Inc., 334 F.3d 1242, 1245 (11th Cir. 2003). In § 362, Congress evinced the intent to award fees to debtors injured by a creditor's willful violation of a stay. A bankruptcy attorney, no less than a civil-rights attorney, should not suffer a decrease in effective fees simply because an appeal is taken. See Grant v. George Schumann Tire & Battery Co., 908 F.2d 874, 879 (11th Cir. 1990) ("attorneys' fees in bankruptcy cases should be no less, and no more, than fees received for comparable non-bankruptcy work.").

---

by the same legal principles. Cf. Simpleville Music v. Mizell, 511 F. Supp. 2d 1158, 1161 n.1 (M.D. Ala. 2007) (Thompson, J.) (Reasoning that caselaw governing fee-shifting under 42 U.S.C. § 1988 applied to 17 U.S.C. § 505 because of similarity of fee-shifting language).

The same reasoning supports Parker's claim to the costs of collecting the judgment in the lower court. See Johnson v. Mississippi, 606 F.2d 635, 639 (5th Cir. 1979) (failure to allow attorney's fee for cost incurred in protecting judgment would decrease the attorney's effective rate, contrary to statutory purpose); Vukadinovich v. McCarthy, 59 F.3d 58, 60-61 (7th Cir. 1995).  First Southeast contends that Parker's counsel should not recover any money for the costs of collecting the judgment  because allowing Parker to recover the cost of enforcing the judgment results in double payment since First Southeast has now satisfied the judgment in full. It is illogical to suggest that, because Parker's efforts to collect on the judgment were successful, it is double-paying to compensate her for the additional work required to collect it.  Although courts must be careful to avoid compensating lawyers "for turning the litigation about attorneys' fees into a second major litigation," Thompson, 334 F.3d at 1245 (quotation marks and citation

omitted), the court is satisfied that this is not such a case.[3] Rather, Parker's attorney seeks fair compensation for the additional time required to obtain satisfaction of the judgment.

### B. Whether Parker's fee request is reasonable

First Southeast protests that the attorneys' fees Parker seeks for the appeal and collection of judgment are unreasonable.

As the court explained in its prior decision in this case, § 362(k)(1) attorneys' fee requests must be reasonable and are calculated using the lodestar approach:

> "[T]he Eleventh Circuit Court of Appeals has instructed that, 'Attorneys fees in

---

3. Parker's counsel makes a passing reference suggesting that her attorneys seek fees for the hours spent on this supplemental fee petition. The court notes that it is awarding Parker's counsel the hours spent preparing the fee petition, which are included in the fee Parker's counsel seeks, but no more. To do otherwise does, in fact, risk turning the litigation over attorneys' fees into a second major litigation.

>bankruptcy cases should be no less, and no more, than fees received for comparable non-bankruptcy work.' Grant v. George Schumann Tire & Battery Co., 908 F.2d 874, 879 (11th Cir. 1990) (emphasis omitted). Thus, the court should use the lodestar approach. Id. at 878-79. The lodestar 'is the number of hours (tempered by billing judgment) spent in the legal work on the case, multiplied by a reasonable market rate in the local area.' Dillard v. City of Greensboro, 213 F.3d 1347, 1353 (11th Cir. 2000). In determining the allowable hours and rates that make up the lodestar, 'a judge must 1) determine the nature and extent of the services rendered; 2) determine the value of those services; and 3) consider the factors laid out in Johnson v. Georgia Highway Express, Inc., 488 F.2d 714 (5th Cir. 1974) and explain how they affect the award.' Grant, 908 F.2d at 877-78 (footnotes omitted)."

In re Parker, 2008 WL 4183436, *2 (M.D. Ala. 2008) (Thompson, J.) (footnote omitted). The Johnson factors are: (1) the time and labor required, (2) the novelty and difficulty of the legal questions, (3) the skill required to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of

10

the case, (5) the customary fee for similar work in the community, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorney, (10) the undesirability of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases. Johnson, 488 F.2d at 717-19.

First Southeast argues that the attorneys' fees Parker seeks are excessive because Parker's counsel did not exercise sufficient billing judgment. First Southeast contends that "the 2.1 hours ... for lead counsel David Poston's conferring with his associates on July 6, 9, and 19, 2007 should not be compensable." Def. Mem. Br. at 3. This argument is without merit. The 2.1 hours that First Southeast claims Parker's counsel billed for "conferring" with associates clearly incorporates many other tasks, such as reviewing filings and

11

conducting legal research, that First Southeast does not dispute are appropriate.  Moreover, First Southeast articulates no logical basis for excluding consultation with co-counsel from legal fees.  Thus, these hours are compensable.

In addition, First Southeast contends that Parker's counsel improperly seeks compensation for 1.5 hours of "secretarial work."  This contention is equally without merit.  As a preliminary matter, First Southeast does not indicate where it gets this number; the court must assume that First Southeast refers to the hours billed for paralegal work, which was 1.2, not 1.5, hours. However, Parker's counsel excised 1.1 paralegal hours for truly secretarial work, such as transcription, from the fee request.  The remaining 1.2 hours is for work nearly identical in nature to work that merited fees from the bankruptcy court.  Thus, Parker's counsel will receive these fees.

First Southeast also asserts that Parker's counsel's hours for researching, drafting, and editing the appellee brief was excessive. The total hours billed for the brief is 30.05 (26.95 hours for Poston, and 3.1 hours for Blakeney).[4] The court agrees that these hours are excessive, given that the appeal centered on a narrow, straightforward dispute of Parker's counsel's rate. The Johnson factors here counsel in favor of a reduction: the legal questions were uncomplicated; the substance of the brief filled fewer than 10 pages; and the dispute, on appeal, concerned less than $ 3,000. In light of the limited scope of the appeal, Parker's counsel's hours are excessive. Accordingly, the court will reduce Poston's hours by 13.5 hours.

Finally, First Southeast contends that the court should deny all of Parker's supplemental fee request because Parker's counsel has not submitted new affidavits since the filing of the original fee petition. Although,

---

4. First Southeast contends that the hours billed for the brief is 27.5.

13

technically, Parker's counsel should have filed new affidavits with the fee petition, the court disagrees that the record is insufficient to support Parker's rate. The sole dispute on appeal was the reasonableness of Parker's counsel's rates. The record is clear: the rate for the senior attorneys, David Poston and Michael Brock, is $ 250; for associates it is $ 125; and for paralegals it is $ 75.

After reducing Poston's fee by 13.5 hours, the fee is as follows:

| David Poston | 28.1 hours x $ 250 | $ 7,025.00 |
|---|---|---|
| Michael Brock | 0.5 hours x $ 250 | 125.00 |
| Walter Blakeney | 4.9 hours x $ 125 | 612.50 |
| Paralegal | 1.2 hours x $ 75 | 90.00 |
| TOTAL | | $ 7,852.50 |

***

For the above reasons, it is ORDERED that appellee Fernisa Parker's motion for award of additional attorneys' fees (doc. no. 12) is granted and appellee

14

**Parker shall have and recover from appellant Pioneer Credit Company of Alabama, Inc., doing business as First Southeast Acceptance Corporation the additional sum of $ 7,852.50 as attorneys fees and costs.**

**DONE, this the 29th day of September, 2009.**

<u>   /s/ Myron H. Thompson   </u>
**UNITED STATES DISTRICT JUDGE**